IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL ROSS,

                Plaintiff,                      ORDER

v.

                                                20-cv-060-wmc

BNSF RAILWAY COMPANY,

                Defendant.

Plaintiff Michael Ross asserts a claim against his former employer, defendant BNSF Railway Company, under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, as well as state law claims for wrongful discharge and breach of contract.  Defendant moved for judgment on the pleadings as to all three claims, primarily arguing that: (1) plaintiff failed to allege an adverse employment action in support of his ADEA claim; and (2) his state law claims are preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq.*  (Dkt. #17.)  Plaintiff failed to file any opposition to defendant's motion, but before granting it as unopposed, the court provided plaintiff with one last chance to respond, which he has now done.  (Dkt. ##21, 23.)  Having reviewed plaintiff's response and defendants' reply, the court agrees that dismissal of plaintiff's state law claims is appropriate -- indeed, even after being granted additional time to respond, plaintiff offers *no* opposition to that portion of defendant's motion.  However, the court concludes that plaintiff *has* sufficiently alleged an adverse employment action in support of his ADEA claim to proceed beyond the pleading stage.  Therefore, the court will deny that portion of defendant's motion.

### A. RLA Preemption of State Law Claims

As set forth in defendant's motion, plaintiff's employment as a locomotive engineer was covered by a collective bargaining agreement between the Brotherhood of Locomotive Engineers ("BLET") and BNSF. The Railway Labor Act ("RLA"), 45 U.S.C. § 151, governs labor-management relations in the railroad industry and, specifically provides that the exclusive jurisdiction over "minor disputes" to a "boards of adjustments," which encompasses the breach of contract and wrongful termination allegations in plaintiff's complaint. *See, e.g., Bhd. of Locomotive Eng'rs v. Louisville & Nashville R. R. Co.*, 373 U.S. 33, 36-38 (1963) (explaining that the "statutory grievance procedure is a mandatory, exclusive, and comprehensive system for resolving grievance disputes"). As such, when presented with the state law claims at issue in this case, courts are directed to find RLA preemption. *See, e.g., Monroe v. Mo. Pac. R. R. Co.*, 115 F.3d 514, 517 (7th Cir. 1997). Since plaintiff offers no opposition to the applicability of this case law, the court will grant this portion of defendant's motion, dismissing plaintiff's wrongful termination and breach of contract claims.

### B. ADEA Claim

As for his ADEA claim, defendant contends that dismissal is appropriate because plaintiff alleged that he resigned from BSNF, thus undermining a claim of an adverse employment action due to his age. In response, plaintiff argues that he adequately alleged a *constructive* discharge in support of his ADEA claim. The court agrees.

In his complaint, plaintiff alleges that he was "told by defendant that due to his age and the effect contesting the investigation could have on his retirement benefits, including

2

his pension, that he should resign," and further that "[d]ue to the threat to plaintiff's benefits, on April 30, 2018, Plaintiff verbally resigned." (Compl. (dkt. #1-1) ¶¶ 14-15.) Accordingly, at least for purposes of notice pleading, plaintiff sufficiently alleges that he was constructively discharged, which in turn constitutes an adverse employment action sufficient to state a claim under the ADEA.[1] *Chapin v. Fort-Rohr Motors, Inc.*, 621 F.3d 673, 679 (7th Cir. 2010) ("A constructive discharge constitutes an adverse employment action.").

Accordingly, IT IS ORDERED that:

1) Defendant BNSF Railway Company's motion for judgment on the pleadings (dkt. #16) is GRANTED IN PART as to plaintiff's state law claims AND DENIED IN PART as to his ADEA claim.

2) The court resets the dispositive motion deadline to January 4, 2021, with a response due now on or before February 1, 2021, and any reply due on or before February 1, 2021. All other deadlines, including the trial date, remain firmly in place.

Entered this 16th day of December, 2020.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

---

[1] In its reply, defendant also argues that plaintiff has not adequately alleged that he was discriminated against based on his age. (Def.'s Reply. (dkt. #23) 4.) Defendant did not move for judgment on the pleadings on this basis, but even if it had, plaintiff alleged in his complaint that he "was told by defendant that due to his age . . . [,] he should resign." (Compl. (dkt. #1) ¶ 14.)